## NORTHERN LUMBER CO. v. O'BRIEN et al.

### (Circuit Court, D. Minnesota. January 24, 1905.)

1. RAILROAD LANDS—WITHDRAWAL FROM ENTRY—CONFLICTING CLAIMS.

Where certain railroad lands were withdrawn from pre-emption or homestead entry on the filing of the general route of a proposed railroad to which lands had been granted by Congress, such withdrawal of lands, which also came within the place limits of a subsequent grant to another railroad, excepted the lands from the subsequent grant, though, when the first railroad was afterwards built, its line was so changed that the lands did not come within its grant.

See 124 Fed. 819.

James B. Kerr, for complainant.

J. N. Searles, for defendants.

LOCHREN, District Judge (orally). On May 5, 1864, Congress enacted a statute granting to the Lake Superior & Mississippi Railroad Company certain lands in aid of the construction of a railroad from St. Paul to some point on Lake Superior, state of Minnesota, the grant being of the odd-numbered sections within specified limits, reserving lands which had been disposed of or which were covered by pre-emption or homestead entry, or in any other manner appropriated or reserved, and providing for indemnity in lieu of any such lands from odd sections within certain other specified limits. On the 7th day of May, 1864, two days later, the Lake Superior & Mississippi Railroad Company filed a map of its general route in the Land Department, and thereupon the Commissioner of the General Land Office issued an order withdrawing lands in odd sections from pre-emption or homestead entries within the supposed limits of this grant, and this order included the lands in question. On July 2, 1864, the land grant to the Northern Pacific Railroad Company was enacted, and the lands in question also came within the place limits of the grant to that road, according to the line of definite location which was afterwards adopt-

ed by the Northern Pacific Company and filed with the Secretary of the Interior.

The only question in the case is whether these lands having been withdrawn by executive authority prior to the passage of the act granting the lands to the Northern Pacific Railroad Company, this took them out of that grant; as when the line of definite location of the Lake Superior & Mississippi Railroad was afterwards determined upon, adopted, and filed these lands did not come within the limits of lands granted to that company. According to the usage of the Land Department for a long time, it had been customary to withdraw the lands along the lines of railroads which would come within the definition of lands which were granted to aid their construction from public sales and from entry by homesteaders or pre-emptors for the purpose of reserving them for such grants; and that had been done in this case with reference to the supposed line of the Lake Superior & Mississippi Railroad before the grant to the Northern Pacific Company. The question is whether this reservation of them by executive authority excepted them or took them out of the subsequent grant to the Northern Pacific Railroad Company. It seems to me that under the authority of the case of Wolcott v. The Des Moines Company, 5 Wall. 681, 18 L. Ed. 689, it did have that effect, although, when the Lake Superior & Mississippi Railroad was afterwards built, the line had been changed so that the lands did not come within its grant, but fell entirely outside of it. Under the authority of that case, at the time of the passage of the act making the grant to the Northern Pacific Railroad Company the lands were, by executive authority, in the supposed carrying out of the act of Congress making the prior land grant, reserved and withdrawn, and did not then stand in the category which would be understood by the general term "public lands," but came within the exception of lands that had been reserved. I am inclined to think that this conclusion is determinative of this case, and that a decree must be entered dismissing the bill.

Ordered accordingly.